FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) _Lonnie Spellman  DB-0910_
 (Name of Plaintiff)  (Inmate Number)

_1111 Altamont Blvd_
 (Address)

(2) _____
 (Name of Plaintiff)  (Inmate Number)

_____
 (Address)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

(1) _Jeffrey Beard, et al.,_

(2) _____

(3) _____
 (Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

_10-2334_
(Case Number)

CIVIL COMPLAINT

**FILED**
**SCRANTON**

DEC 03 2010

Per_____ DEPUTY CLERK

TO BE FILED UNDER: ✓ 42 U.S.C. § 1983 - STATE OFFICIALS
                   ___ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. PREVIOUS LAWSUITS

  A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

  _Lonnie Spellman (Plaintiff) v. Jeffrey beard_
  _et. al., (Defendants) No. CV-06-2149_
  _Complaint filed 11/01/06 - Judge Muir_

1

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ✓ Yes ___ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? ✓ Yes ___ No

C. If your answer to "B" is Yes:

1. What steps did you take? _I requested to either receive a Non-smoking cellmate or a (Z-code) single cell._

2. What was the result? _The grievance was denied as frivilous, all the way to final review._

D. If your answer to "B" is No, explain why not: _____

III. **DEFENDANTS**

(1) Name of first defendant: _Deputy Collins_
Employed as _SCI-Frackville_ at _Administrative director_
Mailing address: _1111 Altamont Blvd. Frackville Pa. 17931_

(2) Name of second defendant: _Superintendant_
Employed as _Facility Manager_ at _SCI-Frackville_
Mailing address: _same as above_

(3) Name of third defendant: _Major Jurady_
Employed as _N/A_ at _SCI-Frackville_
Mailing address: _same as above_

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

IV. **STATEMENT OF CLAIM**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. _Upon my arrival to SCI-Graterford and SCI-Frackville, I expressed my need for a non-smoking cellmate. Since, I do not smoke, I filed a_

2

grievance once the facility celled me w/a

2. smoker. The grievance was denied for several reasons outside of my control: (1) I was transferred from graterford to Frackville and (2) I had to wait for a response. Thus, my first

3. grievance was denied for being untimely. Upon arriving to SCI-Frackville, on or about March 22, 2010, stated to the reception committee that I am not a problem providing I was not celled w/ a smoker. Otherwise, I would grieve my complaint.

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Plaintiff seeks the following relief: A preliminary and/or permanent injunction against the defendants to stop violating my constituitional rights from an enviroment that is damaging to my health: to wit, celling with a smoker, in cells with little to no ventilation, any form of retaliation with out merit. (2) An order mandating the defendants to establish a smoke free housing unit, where smoking is not tolerated in the presence of non-smokers. (3) an order mandating the defendants from using the grievance process as a deterance, which i experienced being moved to the restriced housing unit that imposed major2. storage problems, poor ventilation. (4) punitive damages to be determined by the courts to compensate for the pain, suffering and health hazardshe experienced stated in the complaint and Health hazards that cannot be presently forseen by plaintiff. (5 Lastly, plaintiff ask for the appointment of counsel , due to the intricacies of this complaint , along with the mental health of the plaintiff and the need to peruse certain material for discovery. END OF STATEMENT!!

3. _____

continue names of defendants:

(4) Mr. Evans unit manager
Employed as the unit manager of B-Unit at SCI Frackville
mailing address: 1111 altamont blvd. Frackville pa. 17931

(5) Superintendent wenerowicz
Employed as: Superintendent of Frackville

(6) DsFM Derfler
Employed as: Unkown

(7) DSCS Kovalchik
Employed as: Unknown

(8) Mr. P. Damiter
Employed as: Grievance coordinator

(9) Lt. J.A. Lukashewski
Employed as: Asst. coordinator

(10) C/O 1 Throway
Employed as : B-Block officer

(11) C/O 1Johnson

Employed as: B-Block officer

(12) C/O1 Stutzman
Employed as : B-Block Officer

(13) Miss MIranda
Employed as : A-Block unit manager

(!4) The entire medical staff
Employed as: The medical department

(15) Lt. Mariarchi
Employed as: Asst. coordinator

(16) Et al., any and all defendants not mention but involved.

Continue statement of claim:

The response given by the reception committee was this is a non-smking facility, except in the recreation yard area. Upon being housed with a smoker, who smoke in the cell/ I complained to the following staff members. Officer Johnson on march 22, 2010 To no avail: To sgt. Long, unit manager Evans again to no avail. I wrote to Grievance coordinator; Mr. P. Damiter, and counselor Mr. Hoffman again to no avail. I suddenly was moved to the cell next door and instructed to find a non-smoking cellmate by (Mr. Evans). During my search i uncovered that 73 of the 81 inmates on the unit were smokers. Before, I could locate a non-smoker A smoker was moved in (inmate Taylor) with me. i/m Taylor was moved from a smokers cell (i/m Brown). I question the logic of moving a smoker away from another smoker into the cell with me, when i was instructed to locate a non-smoker. Officer Thro way replied to my query statin; "he didnot know why? he was just following orders." I filed a grievance which was denied by the grievance coordinator, the Superintendent, and camphill (final-review). Though the grievance was denied, I assumed my problem was solved by being moved to the restricted housing unit with a non-smoker. However the cell was re-design for one person, who was a behavior problem resulting from a misconduct report and cell sanction. The cell has no hooks to hang clothing, the air vents are covered, there are no cabinets to hold personal pro-perty like other housing unit cells, MOst important, no i/m handbook is issued on the unit appraising an inmate to the hous-ing unit rules. Subsequently the non-smoker was transfered, and i was given another smoker as a cellmate. I filed the instant grievance that is the subject matter of the lawsuit also.

This grievance was file on July 01, 2010. It was denied by the grievance coordinators asst. on or about July 21, 2010. The Sup-erintendent denied the appeal on or aboutAugust 17, 2010. And Final review to camphill was denied on September 15 2010. I have reason to believe my transfer to the restricted housing unit was retaliation by the facility staff in response to the first two grievances. Having had no misconducts, there is no security need for the transfer. Nor was there an overcrowding need in the unit from which i was transfered.

I declare under the penalty of perjury that the foregoning facts and statements are true, exact, and correctto the best of my knowledge information and belief.

MR. LONNIE SPELLMAN
DB-0910