IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LONNIE SPELLMAN, | : | 4:10-cv-2334 |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Hon. John E. Jones III |
| | : | |
| JEFFREY BEARD, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

**September 5, 2017**

Plaintiff Lonnie Spellman ("Spellman" or "Plaintiff"), a Pennsylvania state inmate, incarcerated at the State Correctional Institution, Frackville, ("SCI-Frackville"), Pennsylvania, commenced this civil rights action on December 3, 2010. The named Defendants are the former Department of Corrections Secretary Jeffrey Beard and the following SCI-Frackville employees: Deputy Superintendent Robert Collins, Superintendent Michael Wenerowicz, Unit Manager George Evans, Grievance Officer Peter Damiter, Assistant Coordinators Joseph Lukashewski and Victor Mirarchi, Unit Manager Joanne Miranda, Major Michael Lorady, Correctional Officers Michael Throway, Ralph Johnson, and Kenneth Stutzman, the entire medical department, and Thomas Derfler, and Anthony Kovalchik. Plaintiff complains that he is a non-smoker and that he would prefer

not to share his cell with someone who smokes. (Doc. 1). On March 14, 2011, Plaintiff filed an amended complaint. (Doc. 13).

By Memorandum and Order dated October 30, 2015, all Defendants and claims were dismissed, except for Defendants Johnson and Evans, and Plaintiff's Eighth Amendment claim based on Environmental Tobacco Smoke ("ETS"). (Doc. 59). On April 4, 2017, summary judgment was granted in favor of Defendants Johnson and Evans and against the Plaintiff, and the case was closed. (*See* Docs. 85, 86).

Presently pending before the Court is Plaintiff's "Motion for Relief on Order under Rule 60." (Doc. 88). For the reasons set forth below, Plaintiff's motion for relief will be denied.

**I.    Standard of Review**

A motion for reargument/reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). A motion for reconsideration filed pursuant to Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) provides grounds for relief from a judgment, an order, or other part of the record. Specifically, in order to prevail on a Rule 60(b) motion, the moving party must establish mistake,

inadvertence, surprise or excusable neglect; newly discovered evidence; fraud or other misconduct; that the judgment is void; that the judgment was satisfied; or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6); *see also Frazier v. City of Philadelphia*, No. 14-0756, 2015 WL 1383100 (E.D. Pa. Mar. 24, 2015); *Hardwick v. Warden*, Civ. No. 12-1254, 2016 WL 4265727, at *1 (D. Del. Aug. 8, 2016).

While the court is mindful of its obligation to construe a pro se litigant's pleadings liberally, *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 n. 1 (3d Cir. 2009); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found*, 865 F.2d 530, 548 (3d Cir. 1988); *see also Hardwick*, 2016 WL 4265727 at *1. The motion must be "made within a reasonable time" and if the motion is based on reasons (1), (2), or (3), then "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c). Moreover, the "party moving under Rule 60(b) for relief from a judgment or order, must clearly establish the grounds therefor, to the satisfaction of the district court." *Talley v. City of Atlantic City*, 2007 WL 2021792 at *3 (D.N.J. Jul. 10, 2007); *see also Federal Deposit Ins. Corp. v. Alker*, 234 F.2d 113, 116-17 (3d Cir. 1956). Relief from a judgment under Rule 60 should be

granted only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). It is also well recognized that motions under Rule 60(b) "may not generally substitute for an appeal." *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987) (citing *Marshall v. Bd. of Education of Bergenfield, NJ*, 575 F.2d 417, 424 (3d Cir. 1978)); *see also Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). Relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.' " Martinez-*McBean v. Gov't of the Virgin Islands*, 562 F.2d 908, 913 (3d Cir. 1977)(quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1164 (3d Cir. 1977)).

Rule 60(b)(3) provides relief from a final judgment where there has been "fraud ... misrepresentation, or other misconduct of an opposing party." In order to prevail under Rule 60(b)(3), the moving party must "establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1982). What this does not mean is that a plaintiff who fails to convince a judge or jury is later entitled to relief under the Rule on the basis of fraud. The fraud in Rule 60(b)(3) involves a showing of: (1) intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that "in

fact deceives the court." *Gillespie v. Janey*, 527 F.App'x 120, 122 (3d Cir.2013) (citing *Herring v. United States*, 424 F.3d 384, 390 (3d Cir.2005)).

## II. **Discussion**

Plaintiff seeks entitlement to relief on the basis that he did not receive Defendants' reply brief. Specifically, his motion for relief states in toto:

> On April 4, 2017, an order was sent to plaintiff, granting defendants' motion for summary judgment. Exhibit A. The plaintiff asks that this order be reconsidered due to fraud and negligence on the part of the defendants. See Exhibit B (motion to compel[1]).
>
> Defendants filed their motion for summary judgment. Plaintiff filed a motion in opposition, he also filed a declaration explaining how he was given the defendants summary judgment motion by another inmate. Plaintiff will show through the granting of the motion to compel discovery that the defendants have directly or indirectly denied plaintiff due process in his quest to correct a violation of his civil rights. The plaintiff again asks if this motion is granted, could his appointment of counsel be revisited, as well as his temporary injunction.

(Doc. 88, Motion for Relief).

---

[1]Plaintiff contends that his mail is being tampered with in that Defendants' original motion for summary judgment was delivered to a neighboring cell mate who gave it to Plaintiff a week later, and that Plaintiff never received Defendants' reply brief in support of their motion for summary judgment. (See Doc. 84). In the instant motion, Plaintiff attaches a self-styled "motion to compel" as an exhibit thereto, requesting that the camera footage from his block be produced to prove whether Defendants' reply brief was delivered to him. (Doc. 88-1), However, for the reasons discussed hereinbelow, Plaintiff was not prejudiced by any failure to receive the Defendants' reply brief.

Taking Plaintiff's allegations as true, Plaintiff fails to meet the exacting standards required to secure relief under Rule 60(d)(3). Plaintiff identifies no evidence, whether direct or circumstantial, that defense counsel engaged in intentional fraud, or that this Court was, in fact deceived.

The record before this Court demonstrates that Defendants' summary judgment motion set forth Defendants' primary argument that, based on the evidence of record, Plaintiff failed to present an ETS claim, by failing to show proof of either a present or future injury. (*See* Doc. 75, Brief in Support). Defendants' argument was supported by documentary evidence. (*See* Doc. 77). All of these materials were received by Plaintiff and responded to in his brief in opposition. (*See* Doc. 78). Clearly, Plaintiff has not been prejudiced in fully and fairly presenting his case.

Moreover, the arguments raised by Defendants in their reply brief are that Plaintiff's brief in opposition was untimely filed; Plaintiff failed to file a statement of material facts that numerically correspond with and address all of Defendants' statement of facts; and Plaintiff's claims are legally and factually without merit. (Doc. 81). Aside from Defendants' argument regarding the legal and factual sufficiency of Plaintiff's claims, which formed the basis of Defendants' original summary judgment motion and which, as noted, Plaintiff responded to in his brief opposition, the remaining arguments are not dispositive of Plaintiff's claims, so as

to prejudice Plaintiff by not having had an opportunity to review them. Consequently, the Court will deny Plaintiff's motion for relief.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Plaintiff's motion for relief under Rule 60 will be denied. A separate order will enter.